IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOWARD COHAN, <br><br> Plaintiff, <br><br> v. <br><br> VEGA HOSPITALITY GROUP, LLC, a Illinois limited liability company, <br><br> Defendant. | Case No. 19-cv-5373 |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Vega Hospitality Group, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

4.     Defendant is a limited liability company with its registered office located at 300 S Frontage Rd, Burr Ridge, IL 60527.

5.     Upon information and belief, Defendant owns or operates "Crowne Plaza Chicago SW Burr Ridge" which qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.     Plaintiff incorporates the above paragraphs by reference.

7.     Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8.     At the time of Plaintiff's initial visit to Crowne Plaza Chicago SW Burr Ridge (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9.     Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10.    Plaintiff regularly travels to the Chicago area to visit friends and shop. Most recently, Plaintiff was in the Chicago area in May of 2019, and currently has plans to return to the Chicago area on August 15-19, 2019.

11.    Plaintiff stays at hotels when he is in the area.

12. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

13. Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

14. While many hotels advertise that they have accessible rooms or public areas, Plaintiff still regularly encounters barriers to access.

15. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

16. Despite advertising that the Facility is accessible, Plaintiff encountered barriers to access relating to his disabilities at the Facility which denied him full and equal access and enjoyment of the services, goods and amenities when he visited the Facility on May 23, 2019.

17. Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

18. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. Crowne Plaza Chicago SW Burr Ridge is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

4

28. Plaintiff personally encountered architectural barriers on May 23, 2019, at the Facility located at 300 S Frontage Rd, Burr Ridge, IL 60527:

   a. Passenger Drop Off:
      i. Not providing a passenger loading zone with an access aisle marked with striping in violation of 2010 ADAAG §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.
   
   b. Men's Restroom:
      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. In violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.
      ii. Providing a swinging door or gate with improper maneuvering clearances due to a wall or some other obstruction that does not comply with 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.
      iii. Not providing operable parts that are functional or are in the proper reach ranges as required by 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.
      iv. Not providing a urinal designed where the rim height is no more than 17 inches from the finished floor in violation of 2010 ADAAG §§605 and 605.2.
      v. Not providing the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

    vi.  Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

    vii.  Not providing grab bars between 33 inches minimum and 36 inches maximum above the finished floor as measured to the top of the gripping surface in violation of 2010 ADAAG §§609, 609.4 and 609.7.

    viii.  Not providing toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

    ix.  Not providing the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

    x.  Not providing the correct opening width for a forward approach into a urinal, stall door or lavatory in violation of 2010 ADAAG §§305, 305.7.1, 404, 605.3 and 606.2.

    xi.  Not providing an additional accessible toilet compartment complying with 604.8.2 when there are 6 or more water closets or urinals in any combination in violation of 2010 ADAAG §§213, 213.3 and 213.3.1.

c.  Disabled Parking:

    i.  Not providing sufficient disabled parking spaces based on the total parking spaces available in violation of 2010 ADAAG §§208, 208.1 and 208.2.

    ii.  Not providing van disabled parking spaces as required in violation of 2010 ADAAG §§208, 208.1, and 208.2.4.

6

    iii. Not providing a sign for disabled parking or van disabled parking in violation of 2010 ADAAG §§502 and 502.6.

    iv. Providing a sign for disabled parking that is too low in violation of 2010 ADAAG §§502 and 502.6.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and limited range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

    A.    declare that the Facility identified in this Complaint is in violation of the ADA;

    B.    declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

    C.    enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

    D.    enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

    E.    award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

    F.    grant any other such relief as the Court deems just and proper.

Respectfully submitted,

BLACKMORE LAW PLC

/s/ Angela C. Spears
Angela C. Spears (IL Bar #: 6327770)
BLACKMORE LAW PLC
9418 Lindsay St.
Orland Hills, IL 60487
T: (833) 343-6743
F: (855) 744-4419
E: aspears@blackmorelawplc.com
*Counsel for Plaintiff*

Dated: August 8, 2019